UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X

STANLEY KING,                          NOT FOR PUBLICATION

          Petitioner,             MEMORANDUM & ORDER

  -against-                           03-CV-4183 (CBA)

WILLIAM E. PHILLIPS, Acting
Superintendent, Green Haven
Correctional Facility,

          Respondent.

------------------------------X
AMON, UNITED STATES DISTRICT JUDGE:

## Introduction

On June 26, 2000, petitioner Stanley King was convicted of sexual abuse, aggravated sexual abuse, and endangering the welfare of a six year old child. Proceeding pro se, King now brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, arguing that his conviction should be vacated because: (1) the trial court made erroneous evidentiary rulings that bolstered the complainant's testimony, and (2) the verdict was against the weight of the evidence. For the reasons set forth below, the petition is hereby denied.

## Background

The following evidence was adduced at trial. On August 21, 1999, Shilane Rose ("Shilane"), then six years old, was visiting the home of her godmother, Andrea Tucker. Several other children

1

and adults, including King, were staying in the home at the time. At one point, King, known also as "Uncle Stanley," asked her if she would like to see his penis. She said "no" and retreated to the bedroom of a grandmother who was out at a medical appointment that day. Shilane later went into the living room to look at a fish tank, and King exposed his penis to her. (Trial Tr. at 676-79.) Shilane again retreated to the grandmother's bedroom after this encounter.

Later in the day, when King had left the living room, Shilane returned to join six other children who were present in the room. Shilane sat on a couch while the other children looked at the fish in the tank. King thereafter entered the room, sat next to Shilane, and ordered her to lay down. Shilane complied and, as she lay down, King put his hands up her skirt and began to remove her underwear. Shilane tried to resist, but King restrained her. King then inserted his finger into her vagina. After approximately one minute, one of the other children turned around and King removed his finger from Shilane. Shilane then left the room and shortly thereafter discovered that her vagina was bleeding. (Id. at 684-87.)

Later that evening, Shilane's father came to collect her from the Tucker home. When she arrived at her home, she immediately told her mother what had happened. Shilane and her family promptly returned to the Tucker home, where Shilane

identified King to the police.  King was subsequently arrested, and Shilane was taken to the hospital.  In the early morning hours of the following day, Dr. Alfred Tomaselli, then a resident in Obstetrics and Gynecology at St. John's Episcopal Hospital in Far Rockaway, Queens, examined Shilane.  He observed a one centimeter abrasion on her right labia majora that was fresh, swollen, and still bleeding.  He also found that her hymen was not intact.  At trial, Dr. Tomaselli testified that Shilane's condition was consistent with her complaint of sexual assault.  (Trial Tr. at 781-82.)

King was convicted by a jury in the New York State Supreme Court, Queens County, of two counts of aggravated sexual abuse in the second degree, N.Y. Penal L. §§ 130.67[1][a], [1][c], two counts of sexual abuse in the first degree, N.Y. Penal L. §§ 130.65[1], [3], and one count of endangering the welfare of a child, N.Y. Penal L. § 260.10[1].  On June 26, 2000, King was sentenced to concurrent determinate prison terms of twelve years for each count of second degree aggravated sexual abuse, five years for each count of first degree sexual abuse, and one year for endangering the welfare of a child.

King appealed his conviction to the Appellate Division of the New York Supreme Court, claiming: (1) that the trial court made erroneous evidentiary rulings; and (2) that the verdict was against the weight of the evidence.  With regard to evidentiary

3

rulings, King specifically challenged: (1) the trial court's decision to admit evidence of prior consistent statements by Shilane implicating "Uncle Stanley" as the perpetrator in the case; (2) the admissibility of alleged hearsay testimony by Shilane's mother, Desiree Rose, that Shilane said that "Uncle Stanley" was the perpetrator of the improper acts; and (3) the admissibility of a statement by Dr. Tomaselli that Shilane said that her injury was caused by the forceful insertion of a finger into her vagina.  In King's view, all of this evidence improperly bolstered Shilane's trial testimony implicating him as her assailant.

On April 9, 2002, the Appellate Division affirmed King's conviction.  People v. King, 293 A.D.2d 759 (N.Y. App. Div. 2002).  It held that Shilane's prior consistent statements were properly admitted, that the evidence was legally sufficient to establish King's guilt beyond a reasonable doubt, and that King's remaining contention was unpreserved for appellate review and was, in any event, without merit.  King sought leave to appeal to the New York Court of Appeals, but permission was denied on October 23, 2002.  King timely filed the instant petition for a writ of habeas corpus on August 21, 2003.

Discussion

In this action, King raises as grounds for relief the identical arguments that were made before, and rejected by, the Appellate Division of the New York Supreme Court.[1] These arguments raise matters of state law. Neither below nor in this action does he frame these challenges as violations of the United States Constitution or laws of the United States. See 28 U.S.C. § 2254(a). Rather, he frames them exclusively as state law claims, which are not cognizable on federal habeas review. See Estelle v. McGuire, 502 U.S. 62, 68 (1991) (federal habeas corpus relief does not lie for mere errors of state law).

One of King's evidentiary claims, even if it were properly before this Court, would have been procedurally defaulted in any event, and therefore unreviewable, because the Appellate Division expressly deemed it unpreserved for appellate review. See Glenn v. Bartlett, 98 F.3d 721, 724 (2d Cir. 1996) (federal habeas review precluded where Appellate Division opinion found an issue unpreserved for appellate review and then ruled "in any event" on the merits). This is the claim concerning Dr. Tomaselli's

---

[1] On the portion of the habeas petition where King was directed to state every available ground for relief, he merely referred the Court to his state court appellate brief and his motion for leave to appeal to the New York Court of Appeals. (See Pet. at 4.) Accordingly, the grounds raised are entirely co-extensive with the issues raised on appeal in state court.

alleged hearsay testimony.[2]  Because King has not demonstrated cause for this default and ensuing prejudice or that failure to consider the claim at this juncture will result in a fundamental miscarriage of justice, the claim is not cognizable on habeas review.  See Coleman v. Thompson, 501 U.S. 722, 750 (1991) (federal habeas court may not review a state prisoner's federal claim if that claim was defaulted in state court pursuant to an independent and adequate state procedural rule, "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice").

---

[2] Based on the record, it appears that the "remaining contention" to which the Appellate Division referred was limited to the claim that Dr. Tomaselli's testimony violated the hearsay rule. Because the defense objected to the question posed to Desiree Rose, which elicited the testimony King challenges as hearsay, that evidence would not have been subject to a claim of procedural default.  See People v. King, 293 A.D.2d 759 (N.Y. App. Div. 2002); Trial Tr. at 712.

With regard to Dr. Tomaselli's testimony, the Court observes in passing that the testimony falls with the exception to the hearsay rule for statements made for the purpose of medical diagnosis.  See People v. Rogers, 8 A.D.3d 888, 892 (N.Y. App. Div. 2004) ("Although statements made by the victim to medical personnel were hearsay, such statements are admissible under the business records exception . . . as long as they are germane to the patient's subsequent medical treatment and diagnosis."); N.Y. C.P.L.R. 4518(a) (McKinney 2002).  King's contention that this testimony was erroneously admitted is therefore unavailing.

6

With regard to the remaining claims, even if they had been framed in this habeas petition as federal constitutional issues, King would face yet another procedural hurdle because such constitutional claims have not been exhausted in state court. See Coleman, 501 U.S. at 731 ("[A] state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims."). To exhaust state remedies, "a petitioner must present his federal constitutional claims to the highest court of the state." Grey v. Hoke, 933 F.2d 117, 119-20 (2d Cir. 1991). As King did not raise any of these claims as federal constitutional issues before the New York Court of Appeals, such claims are unexhausted. Moreover, there are no longer means by which such claims can be presented to the state's highest court, because King has used his one permissible request for leave to appeal to the New York Court of Appeals. See N.Y. Court Rules § 500.10(a) (1999); Grey, 933 F.2d at 120; Goines v. Walker, No. 97 CV 3512 (FB), 2000 WL 976657, at *9 (E.D.N.Y. July 12, 2000). Thus, habeas review of these claims if now posited as constitutional deprivations would be barred, unless King can demonstrate cause for the default and actual ensuing prejudice or that failure to consider the claims will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750. King has not made such a showing here.

Finally, even if the Court were to get past these hurdles and treat the petition as raising constitutional claims that had not been defaulted, King would not be entitled to relief.

### 1. Erroneous Evidentiary Rulings

For a habeas petitioner to prevail on a claim that an evidentiary error amounted to a deprivation of due process, he must show that the error was so pervasive as to have denied him a fundamentally fair trial. United States v. Agurs, 427 U.S. 97, 108 (1976). The applicable standard is "whether the erroneously admitted evidence, viewed objectively in light of the entire record before the jury, was sufficiently material to provide the basis for conviction or to remove a reasonable doubt that would have existed on the record without it. In short it must have been 'crucial, critical, highly significant.'" Collins v. Scully, 755 F.2d 16, 19 (2d Cir. 1985) (quoting Nettles v. Wainwright, 677 F.2d 410, 414-15 (5th Cir.1982)); see also Wade v. Mantello, 333 F.3d 51, 59 (2d Cir. 2003) (noting that this test applies post-AEDPA). Assuming arguendo that the evidence in question was erroneously admitted, it was not sufficiently material or pervasive as to have denied King a fundamentally fair trial. See Agurs, 427 U.S. at 108; Collins, 755 F.2d at 19.

Both the hospital records and the alleged hearsay testimony of Desiree Rose reflect the fact that Shilane implicated "Uncle

8

Stanley" as her assailant on the night of the events in question. The hospital records were admitted at trial to rebut a charge of recent fabrication after the defense asked Shilane on cross-examination whether it was true that, unlike other children, she never referred to King as "Uncle Stanley." In King's view, the hospital records were not a proper rebuttal, because the defense theory was that Shilane had been manipulated by her parents and the identification procedure used by police at the time of the arrest to refer to her assailant as "Uncle Stanley." Thus, Shilane would have begun to refer to her assailant as "Uncle Stanley" prior to her hospital visit later that evening.

The hospital records and the testimony of Desiree Rose, even if erroneously admitted, cannot be described as "crucial, critical, [or even] highly significant" in view of the other evidence introduced at trial. See Collins, 755 F.2d at 19. Most significantly, there was testimony by Shilane, the victim, implicating King as the perpetrator. Her testimony was corroborated both by physical evidence and the fact that King was present in the Tucker home at the time of the assault. In addition, the victim indicated that no other man present on the premises at the time of the assault committed the improper acts. Taken together, this evidence provides ample basis upon which a jury could reasonably conclude that King was guilty of the crimes charged. Neither the hospital records demonstrating that Shilane

used the moniker "Uncle Stanley" nor the testimony of Desiree Rose was "sufficiently material to provide the basis for conviction or to remove a reasonable doubt that would have existed on the record without it." See Collins, 755 F.2d at 19.

### 2. Against the Weight of the Evidence

Construing King's "against the weight of the evidence" claim as a constitutional challenge to the sufficiency of the evidence under the Due Process clause of the Fourteenth Amendment, the relevant analysis is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). A habeas petitioner "bears a very heavy burden" when challenging the legal sufficiency of the evidence in a state criminal conviction. Einaugler v. Supreme Court, 109 F.3d 836, 840 (2d Cir. 1997).

The key evidence supporting King's conviction has already been set forth above in connection with his evidentiary claims. To recap, the victim testified that King, and no other man who was in the Tucker home at the time of the assault, was the perpetrator of the improper acts against her. Her testimony was corroborated both by physical evidence and the fact that King was in fact present on the premises at the time of the assault. The

corroborated testimony of the victim is a sufficient basis upon which a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  See Jackson, 443 U.S. at 319.  Accordingly, this claim is without merit.

## Conclusion

For the foregoing reasons, King's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied.  A certificate of appealability will not issue because King has not made a substantial showing of the denial of a constitutional right.  See 28 U.S.C. § 2253 (c)(2).  The Clerk of the Court is directed to enter judgment in accordance with this Order and to close the case.

SO ORDERED.

DATED:   May 2, 2005
         Brooklyn, New York

                                    Carol Bagley Amon
                                    United States District Judge